[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11375
Non-Argument Calendar

_____

D. C. Docket No. 04-20805-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVARO SANTOS-PLATA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 15, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Alvaro Santos-Plata appeals his 72-month concurrent sentences

for conspiracy to import and importation of heroin, in violation of 21

U.S.C. §§ 952(a) and 963; and conspiracy to possess and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Santos-Plata argues that his sentence was unreasonable in light of the district court's erroneous denial of a minor-role reduction and the Supreme Court's recent decision in *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

In *Booker*, the Supreme Court held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. 543 U.S. at ___,125 S. Ct. at 749-51. The Court decided that the appropriate remedy was to excise two specific statutory provisions which made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id.* at ___, 125 S. Ct. at 764. The Court explained that, "[w]ithout the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals" contained in 18 U.S.C. § 3553(a). *Id.*

Section 3553(a) provides that district courts imposing a sentence must first consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the

offense, and the kinds of sentences and sentencing range established by the Guidelines. *See* 18 U.S.C. § 3553(a).

We are required to "review for unreasonableness" a sentence imposed post-*Booker*. *Booker*, 543 U.S. at ___, 125 S. Ct. at 765 (quotation and alteration omitted); *see also United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) (noting that "*Booker* established a 'reasonableness' standard for the sentence finally imposed on a defendant"). We have noted that, in conducting a review for reasonableness, we "would not expect the district court in every case to conduct an accounting of every § 3553(a) factor . . . and expound upon how each factor played a role in its sentencing decision." *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005). We have stated, however, that the district court is obligated "to calculate *correctly* the sentencing range prescribed by the Guidelines." *Crawford*, 407 F.3d at 1178.

In *United States v. Winingear*, we recently conducted a review of an appellant's sentence for reasonableness and explained that the sentence must be reasonable in the context of the factors listed in 18 U.S.C. § 3553(a). No. 05-11198, manuscript op. at 9-10 (11th Cir. Aug. 30, 2005). In addition to discussing the nature and circumstances of the offense and the appellant's criminal history, we specifically noted that the sentence imposed was "one-tenth the length of the

3

twenty-year statutory maximum sentence," and held that the sentence was reasonable based on the factors listed in 18 U.S.C. § 3553(a). *Id.* at 10-11.

We must determine whether the district court calculated the Guidelines sentence correctly in order to determine whether Santos-Plata's sentence was reasonable. *See Crawford*, 407 F.3d at 1178. These two steps will be discussed in turn.

In this case, Santos-Plata challenges the computation of the Guidelines range in light of the district court's refusal to apply a minor-role reduction under U.S.S.G. § 3B1.2(b). "Post-*Booker*, we continue to review the district court's application of the Guidelines just as we did pre-*Booker*." *United States v. Ellis*, 491 F.3d 1189, (11th Cir. 2005). We have "long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "The proponent of the downward adjustment . . . always bears the burden of proving the mitigating role in the offense by a preponderance of the evidence." *Id.* at 939. "In making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings." *Id.*

The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(b). A defendant is a minor participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5.

In determining whether a mitigating role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940.

**A.** ***Whether the District Court Correctly Calculated Santos-Plata's Guideline Range***

As for the first prong of the *De Varon* test, the district court properly found that Santos-Plata played a greater role than merely transporting heroin into the United States. Turning to the second prong of the *De Varon* test, the evidence in the record does not show that Santos-Plata was less culpable than most other participants in the offense. Accordingly, the district court correctly calculated Santos-Plata's Guideline range and did not err by refusing to apply a two-level minor-role reduction pursuant to U.S.S.G. § 3B1.2(b).

**B**. *Whether Santos-Plata's Sentence was Reasonable Under Booker*

In this case, we hold that Santos-Plata's sentence as reasonable for several reasons. First, the district court's imposition of a sentence was procedurally proper in that it (1) calculated the Guidelines range correctly, as discussed above; (2) treated that Guidelines range as advisory only; and (3) apparently considered the factors in 18 U.S.C. § 3553(a). *See Crawford*, 407 F.3d at 1178. Second, Santos-Plata received a relatively minimal 72-month sentence given the fact that he was subject to a maximum sentence of life imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A)(i) and 960(b)(1)(A); *Winingear*, No. 05-11198, manuscript op. at 10-11. Third, the district court correctly determined that U.S.S.G. § 3B1.2 did not apply, as discussed above, so the court acted reasonably in not imposing a sentence within a range that would have controlled if § 3B1.2 did apply. Fourth, the court sentenced Santos-Plata 15 months below the applicable Guideline range.

For the foregoing reasons, we affirm Santos-Plata's sentences.

**AFFIRMED.**